UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RACHEL HOBSON and ROBERT WALKER, | : |
| Plaintiffs | : CIVIL ACTION NO.: |
| V. | : |
| ABE DEVELOPMENT LLC, YOUSEF HAIMOUR, ABRAHAM "MIKE" QURAAN, MUNTHER QURAAN | : JURY REQUESTED |
| Defendants. | : |

**COMPLAINT**

**PRELIMINARY STATEMENT**

This lawsuit is directed at the kind of racism the Fair Housing Act was designed to punish when it was passed a week after Dr. Martin Luther King, Jr.'s assassination. The defendants herein did not take kindly to one of their tenants being in an interracial relationship nor did they like black people visiting their non-Section 8 property. Over a period of several months, defendants repeatedly harassed plaintiffs Rachel Hobson and Robert Walker because Mr. Walker is black. This harassment included numerous comments and statements directed at and about Mr. Walker and his African-American friends who visited the property. Moreover, the defendants imposed different terms and conditions on Ms. Hobson and Mr. Walker because of Mr. Walker's race, including forcing Mr. Walker to sign a lease in order to visit Ms. Hobson and prohibiting Mr. Walker from sitting on the porch or allowing his African American friends over. These actions constitute unlawful housing discrimination prohibited by the Fair Housing Act.

1

## PARTIES

1.      Plaintiff RACHEL HOBSON resided at 1908 Esplanade Ave, New Orleans, Louisiana (the "Property").  She is a white female and a resident of New Orleans, Louisiana.  Ms. Hobson has been, and continues to be, adversely affected by the acts, policies, and practices of the defendants and/or their agents.

2.      Plaintiff ROBERT WALKER is an African-American male who resides in New Orleans, Louisiana.  Mr. Walker has been, and continues to be, adversely affected by the acts, policies, and practices of the defendants and/or their agents.

3.      Defendant ABE DEVELOPMENT LLC is a limited liability company incorporated under the laws of Louisiana and registered with the Louisiana Secretary of State.  At all times relevant to this action, ABE Development LLC owned the Property.

4.      Defendant YOUSEF HAIMOUR is an officer and registered agent of ABE Development LLC.  At all times relevant to this action, Defendant Haimour was responsible for the hiring and supervision of any person associated with the rental or management of the Esplanade Property.  Upon information and belief, Defendant Haimour is engaged in the rental and/or management of other residential rental properties, by and through various legal entities and agents.

5.      Defendant ABRAHAM "MIKE" QURAAN is an agent and/or employee of ABE Development LLC and/or Defendant Haimour.  At all times relevant to this action, Defendant Mike Quraan was a rental agent and property manager for the Property.  Defendant Mike Quraan resides within the Eastern District of Louisiana.

6.      Defendant MUNTHER QURAAN is an officer of ABE Development LLC.  At all times relevant to this action, Defendant Munther Quraan was responsible for the hiring and supervision

of any person associated with the rental or management of the Property.

## JURISDICTION AND VENUE

7. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 because this action involves a federal question, 28 U.S.C. § 1343(a) because this action involves civil rights issues, and 28 U.S.C. § 1367(a) because the state law causes of action alleged herein arise under the same transactions and controversies as the federal law claim.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because the acts and omissions alleged herein occurred in New Orleans, Louisiana.

## STATEMENT OF FACTS

9. On July 1, 2012, plaintiff Rachel Hobson and one white female roommate entered into a one-year lease with ABE Development for the rental of a two-bedroom apartment at the Property. The lease expired on June 30, 2013.

10. Ms. Hobson's apartment, as well as every other apartment located at the Property, is a "dwelling" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b), and subject to no exception under 42 U.S.C. § 3603(b).

11. In October 2012, plaintiff Rachel Hobson began dating plaintiff Robert Walker, who began spending time at the Property. Robert Walker is black; Rachel Hobson is white.

12. Mr. Walker is an African American male. Occasionally, some of his friends visited the Property and spent time on the front porch. Mr. Walker's friends became friends with Ms. Hobson and her roommate. All of Mr. Walker's friends who visited the Property were African-American.

13. Shortly after Ms. Hobson and Mr. Walker began dating, Defendant Abraham "Mike"

3

Quraan questioned Ms. Hobson about Mr. Walker's presence at the Property. Ms. Hobson explained that she was in a relationship with Mr. Walker and that he was staying over approximately one to two nights per week.

14. Over the next several months, Defendant Mike Quaraan imposed a series of conditions on Ms. Hobson and Mr. Walker that, on information and belief, he did not place on his tenants who dated white men or who had white visitors.

15. Defendant Quraan informed Ms. Hobson that Mr. Walker would need to undergo a background check in order to continue visiting the apartment. Neither Ms. Hobson nor her roommate were required to undergo a background check before or after moving into the apartment, and, on information and belief, Defendant Quraan did not require background checks of any other tenant's visitors.

16. Defendant Quraan informed Ms. Hobson that Mr. Walker was not permitted at the house when she or her roommate were absent from the property, threatening eviction if Mr. Walker were to visit in their absence.

17. Shortly thereafter, Defendant Quraan informed Ms. Hobson and her roommate that Mr. Walker was also not allowed to sit on the porch, to have visitors, or to visit the Property at certain times of the day. Other white tenants and visitors have access to the front porch. Ms. Hobson and her roommate also have access to the front porch.

18. Eventually, Defendant Quraan insisted that Mr. Walker be placed on the lease in order to visit the Property, even though Mr. Walker did not live at the apartment. Defendant Quraan charged $400 in additional rent and stated that Mr. Walker would continue to be prohibited from sitting on the porch or having visitors at the Property. This arrangement persisted until June 30,

2013.

19. There is no provision regarding increased rent for more than two occupants of the apartment in the lease entered into by Ms. Hobson and her roommate with ABE Development.

20. ABE Development does not have a policy of charging extra rent for additional occupants. ABE Development does not have a policy of charging extra rent when a third occupant moves into a two bedroom apartment.

21. Defendant Mike Quraan did not impose the restrictions relating to access to the porch or visitors on Ms. Hobson, her roommate, or their white visitors.  On information and belief, Defendant Mike Quraan also did not impose those restrictions on any other white tenants at the Property or their white visitors.  The restrictions pertained only to Mr. Walker.

22. Defendant Mike Quraan made several statements to Ms. Hobson and her roommate that indicated the restrictions imposed on Plaintiff were because of Plaintiff Robert Walker's race.

23. During a meeting with Ms. Hobson and her roommate, he stated, "You can't imagine what went through my mind when there were three uninvited men at my apartment, I didn't know whether I should get my shotgun or not."  Defendant Mike Quraan also lamented, "…this is a nice neighborhood, not one of my section 8 neighborhoods."  Referring to Mr. Walker, Defendant Quraan observed, "He could do that (sit on the porch) in one of my section 8 neighborhoods but not in a neighborhood like this."

24. He also stated, "on a block like this, if something were to go missing, you're assuming the suspicion," implying that any blame would fall on Mr. Walker.  Mr. Walker admitted to Ms. Hobson that this was because of Mr. Walker's race.

25. At other times, Defendant Quraan told Ms. Hobson and her roommate that Mr. Walker's

presence on the porch was bringing down his property values and those of his neighbors. More than once, referring to some homeowners on the street, Defendant Quraan added that, "the gays down the street are scared of [Mr. Walker's] friends."

26. On repeated occasions, Defendant Quraan mentioned wondering whether he needed a shotgun when he saw Mr. Walker and his friends. He made this reference several times during their tenancy.

27. Defendant Quraan made the statements referenced in paragraphs 13 – 26 from Autumn 2012 until approximately February 27, 2013.

28. In carrying out the aforementioned actions, defendant Abraham Quraan acted with the consent of, under the control of, and/or within his actual and/or apparent authority as an agent of defendants ABE Development LLC, Yousef Haimour, and Munther Quraan.

29. As a result of Defendants' actions, Plaintiffs Rachel Hobson and Robert Walker were subjected to harassment and to different terms and conditions in the rental of the Property because of Mr. Walker's race. As a result of the aforementioned statements and these different terms and conditions, Ms. Hobson and Mr. Walker suffered, continue to suffer, and will in the future suffer irreparable loss and injury including, but not limited to, mental anguish, humiliation, embarrassment, insult, and a deprivation of their right to equal housing opportunity, for which they should be compensated. Additionally, Mr. Walker was forced to pay an additional $400 per month in rent to live at the Property because of his race.

30. In carrying out the aforementioned actions, the defendants acted intentionally and willfully, with malice, and with callous and reckless disregard or indifference for the plaintiffs' federally protected rights and federal law.

31.     On March 1, 2013, Plaintiffs Walker and Hobson filed a complaint of housing discrimination based on aforementioned facts with the U.S. Department of Housing and Urban Development.  *See* 42 U.S.C. § 3610(a)(1)(A).  HUD referred the complaint to the Louisiana Department of Justice ("LADOJ") for investigation.

32.     On June 22, 2013, the Louisiana Department of Justice issued a Determination of No Reasonable Cause; in effect determining that there was no reasonable cause to believe that a discriminatory housing practice occurred.

33.     On September 9, 2013, attorneys at the Greater New Orleans Fair Housing Action Center, a civil rights organization dedicated to eradicating housing discrimination throughout Louisiana, requested reconsideration of the LADOJ's determination, contending that the LADOJ had applied a seven-part legal criteria inconsistent with the Fair Housing Act.  For example, the order indicated that in order to prove a Fair Housing Act violation , a complainant was required to demonstrate that the respondent discriminated against plaintiffs on the basis of both race *and* sex.  By contrast a complainant may establish a Fair Housing Act violation by showing that the discriminatory terms and conditions were offered, or discriminatory conduct occurred, because of *one* protected class, i.e., race *or* sex.  *See* 42 U.S.C. § 3604(b).

34.     The LADOJ has not responded to the Plaintiffs' request for reconsideration.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Discriminatory Terms and Conditions, Based on Race)

35.     Plaintiffs re-allege and herein incorporate by reference the allegations set forth in all preceding paragraphs.

36. Defendants imposed different terms and conditions for the rental of a dwelling and in the provisions of facilities based on the race of plaintiff Robert Walker, in violation of the Fair Housing Act, 42 U.S.C. § 3604(b).

## SECOND CAUSE OF ACTION
(Discriminatory Statements, Based on Race)

37. Plaintiffs re-allege and herein incorporate by reference the allegations set forth in all preceding paragraphs.

38. Defendants made numerous statements with respect to the rental of a dwelling that indicate a preference, limitation, or discrimination based on the race of plaintiff Robert Walker, in violation of the Fair Housing Act, 42 U.S.C. § 3604(c).

## THIRD CAUSE OF ACTION
(Discriminatory Statements, Based on Race)

39. Plaintiffs re-allege and herein incorporate by reference the allegations set forth in all preceding paragraphs.

40. Defendants made unavailable or denied a dwelling to a person because of race in violation of the Fair Housing Act, 42 U.S.C. § 3604(a).

## FOURTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

41. Plaintiffs re-allege and incorporate by reference all allegations set forth in all preceding paragraphs.

42. Under Louisiana law, through Defendants' extreme, outrageous, and purposeful conduct in requiring Plaintiff Walker to pay extra rent to visit the proper and by expressing their preference against black visitors to their property, Defendants intentionally inflicted emotional

distress on Plaintiffs.

43.     Plaintiffs suffered severe emotional distress as a result of Defendants' conduct.

## FIFTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

44.     Plaintiffs re-allege and incorporate by reference all allegations set forth in all preceding paragraphs.

45.     Under Louisiana law, through Defendants' extreme and outrageous conduct in requiring Plaintiff Walker to pay extra rent to visit the property, prohibiting him from using the porch, and by expressing their preference against black visitors to their property, Defendants negligently inflicted emotional distress on Plaintiff.

## SIXTH CAUSE OF ACTION
(Negligence under Louisiana law)

46.     Plaintiffs re-allege and herein incorporate by reference the allegations set forth in all preceding.

47.     As employers of defendant Abraham "Mike" Quraan, defendants ABE Development LLC, Yousef Haimour and Munther Quraan were unlawfully negligent in their hiring, supervision, and retention of Abraham "Mike" Quraan.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiffs seek the following relief:

A. That the Court declare Defendants' actions noted herein to be in violation of the Fair Housing Act, 42 U.S.C. § 3601, *et seq*.;

B. That Defendants, their agents, employees, successors, and all other persons in the

      active concert or participation with them, be permanently enjoined from discriminating against any person on the basis of race;

C. That the Court require appropriate changes in policy and monitoring in order to ensure compliance with the mandates of the federal Fair Housing Act;

D. That the Court award Plaintiffs compensatory and punitive damages, in amounts to be determined at trial, plus interest from the date of judgment;

E. That the Court award special damages to Plaintiff Walker in the amount of $1600.00.

F. That the Court award Plaintiffs reasonable attorney fees, costs and expenses incurred in prosecuting this action; and

G. That the Court grant such other and further relief the Court deems just and proper.

DATED:  May 4, 2015

        Respectfully submitted,

        /s/ *John Adcock*_____
        John N. Adcock
        La. Bar No. 30372
        GREATER NEW ORLEANS FAIR HOUSING
        ACTION CENTER
        404 S. Jefferson Davis Pkwy
        New Orleans, LA 70119
        Email: jadcock@gnofairhousing.org
        T:  (504) 233-3125
        F:  (504) 308-1266

        /s/ *Elizabeth Owen*_____
        Elizabeth Owen
        La. Bar No. 33620
        GREATER NEW ORLEANS FAIR HOUSING
        ACTION CENTER
        404 S. Jefferson Davis Pkwy
        New Orleans, LA 70119
        Email: eowen@gnofairhousing.org
        T:  (504) 708-5291

        *Attorneys for Plaintiffs*