UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RACHEL HOBSON, ET AL**                                          **CIVIL ACTION**

**VERSUS**                                                        **NO:  15-1480**

**ABE DEVELOPMENT LLC, ET AL**                                    **SECTION: "B" (4)**

## ORDER AND REASONS

Before the Court is a **Motion to Fix Attorney Fees (R. Doc. 46)** filed by Plaintiffs Rachel Hobson and Robert Walker seeking an order from the Court to fix the attorneys' fees and costs in the amount of $6,067.50. The motion is opposed. R. Doc. 49.

### I.   Background

The instant motion for attorneys' fees comes in connection with a suit involving alleged housing discrimination. Plaintiffs claim that ABE Development and its employees Yousef Haimour and Abraham Quraan (collectively, "Defendants") discriminated against them. Hobson, who is a white female, and Walker, who is an African-American male, claim that the discrimination stemmed from Defendants not approving of their interracial relationship.

On July 5, 2016, the Plaintiffs filed a Second Motion to Compel Discovery Responses from Defendants Abraham "Mike" Quraan and Yousef Haimour. R. Doc. 17. As part of that motion to compel, Plaintiffs also sought attorneys' fees and costs related to the motion. *Id.* After hearing arguments on the motion to compel, the Court denied the motion in part as moot because the discovery responses at issue had been produced. R. Doc. 38, p. 6. Moreover, under Federal Rule of Civil Procedure 37, the Court granted the motion in part as to Plaintiffs' request for attorneys' fees and costs. On August 12, 2016, the Plaintiffs filed the instant motion to fix attorneys' fees. Providing an accounting of hours expended as well as affidavits attesting to the reasonableness of the rates charged, the Plaintiffs requested that the Court award reasonable attorneys' fees and

expenses in the amount of $6,067.50. R. Doc. 46. The Defendants opposed the motion, arguing that a number of hours were either duplicative or not connected to the instant motion to compel.

## II. Standard of Review

The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Lodestar is computed by "… the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar calculation, "...provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson*. *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).[1] Subsequently, if the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the lodestar. *Id.* However, the lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended", and demonstrating the use of billing judgement. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997)).

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

**III.     Reasonable Hourly Rate**

The "appropriate hourly rate. . .is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir.2012)). Moreover, the rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'" *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. Finally, if the hourly rate is not opposed, then it is *prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990) (quoting *Islamic Ctr. of Mississippi v. City of Starkville*, 876 F.2d 468, 469 (5th Cir. 1989)).

The Plaintiffs have stated that the hourly rates for their attorneys are: $250 for Elizabeth Owen; $250 for John Adcock; and $275 for Peter Theis. R. Doc. 46-1, p. 7. These rates are reasonable given that each of the attorneys have roughly ten years of experience. *See, e.g., EnVen Energy Ventures, LLC v. Black Elk Energy Offshore Operations, LLC*, No. 14-424, 2015 WL 3505099, at *2 (E.D. La. June 2, 2015) (awarding $300 for an attorney with 10 years of experience and $275 for an attorney with 7 years of experience as well as collecting cases showing hourly rates of $275 for seven years of experience). Moreover, the Plaintiffs have provided affidavits from other attorneys attesting to the reasonableness of the rates and their equivalence to prevailing market rates. R. Doc. 46-7, 46-8, 46-9. As such, the Court finds that the hourly rates of $250 for Elizabeth Owen and John Adcock and $275 for Peter Theis are reasonable.

**IV.     Hours Reasonably Spent on Litigation**

Next, the court must determine the reasonableness of the hours expended on the litigation. The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures that compensation is sought. *Hensley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary…" *Id*. at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Id*. The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement". *Id*. The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.2d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir.1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'").

When the motion for attorneys' fees is in connection to a Rule 37(a) motion to compel, the reasonable hours are further limited to only those hours directly connected to the motion to compel. *Stagner v. W. Kentucky Navigation, Inc.*, No. 02-1418, 2004 U.S. Dist. LEXIS 1936 (E.D. La. Feb. 10, 2004) ("However, Rule 37(a) does not contemplate costs incurred by the party in the normal course of litigation, absent a direct relation to the motion to compel.").

Here, the Plaintiffs have provided billing statements showing that: Elizabeth Owen worked 11.1 hours but only billed 9.5 hours; John Adcock worked for 27.63 hours but only billed 14.68 hours; and Peter Theis worked for 7.8 hours but only billed 1.9 hours. R. Doc. 46-4, p. 7; R. Doc. 46-5, p. 8; R. Doc. 46-6, p. 5.

4

The Defendants object to hours billed by John Adcock for consulting with Defendants' counsel about the underlying discovery as not directly related to the motion to compel. R. Doc. 49, p. 5. As to the hours billed addressing the underlying discovery and drafting the instant motion to fix attorneys' fees, the Court finds that these are hours not properly expended for a motion to compel. *See Rock the Ocean Productions, LLC v. H1 Events LLC*, No. 15-5189, 2016 WL 4272931, at *3 (E.D. La. Aug. 15, 2016) (quoting *Stagner*, 2004 U.S. Dist. LEXIS 1936) ("'Rule 37(a) only provides for the expenses in bringing the motion, not for expenses relating to the underlying discovery dispute.'"). As such, the .83 hours expended by John Adcock consulting with Defendant's counsel will be deducted and the 6 hours expended by John Adcock in connection to the instant motion to fix attorney's fees will be deducted. R. Doc. 46-5, p. 7-8.

The Defendants also object to the billing of hours spent discussing the case interoffice and between counsel. R. Doc. 49, p. 5. However, the Court notes that the Plaintiffs' attorneys have exercised reasonable billing judgment and excluded most of those entries from the total billed hours.

The Court will also reduce John Adcock's hours by one hour for a duplicative entry on July 18, 2016 for "drafting reply brief on the plane from New Orleans to North Carolina." R. Doc. 46-5, p. 7.

Finally, Defendant also argues that a number of hours are excessive for the instant motion. R. Doc. 49, p. 6. After reviewing the billing statements for each attorney, the Court finds that the Plaintiffs' attorneys have billed roughly a total of 6.1 hours on the motion to compel (3.4 hours by Elizabeth Owen; 2.4 hours by John Adcock; and .3 hours by Peter Theis), 11.45 hours on the reply (6.1 hours by Elizabeth Owen; 4.45 hours by John Adcock; and .9 hours by Peter Theis), and .7 hours preparing for the hearing. Here, the Court agrees that the number of hours expended are

excessive as to the initial motion to compel. As this Court has previously explained when faced with a similar motion:

> The. . .motion to compel was not a motion to test the sufficiency of the. . .discovery responses. The Defendant propounded discovery and the Plaintiff did not answer. The motion was not difficult nor did it involve novel or unique issues of law or fact. Rather, it was simply a motion to compel responses that were required under the Rules.

*Drs. Le & Mui, Family Medicine v. St. Paul Travlers*, No. No. 06-10015, 2007 WL 4547491, at *5 (E.D. La. Dec. 19, 2007). For the initial motion to compel, the Court finds that 6.1 hours on a simple motion to compel is excessive. In particular, the hours billed by Elizabeth Owen are excessive given that John Adcock apparently conducted the majority of drafting on the initial motion. R. Doc. 46-6, p.3. Additionally, John Adcock's statement suggests that Elizabeth Owen edited the motion to compel. R. Doc. 46-5, p. 7. As such, the Court will reduce the hours spent by Elizabeth Owen on the initial motion to compel by two hours. However, given the evidence of legal research and effort put into the motion, the Court finds that the amount of time billed by John Adcock to be reasonable.

Note, the Court does not find that the hours spent on the reply to Defendants' opposition to be excessive. The Plaintiffs' response to the Defendants' opposition evinces a fair amount of legal research as well as incorporates time reviewing and researching the Defendants' opposition.[2]

As such, the Court finds that the reasonable hours expended by the Plaintiffs' attorneys are: 7.5 hours, 6.85 hours, and 1.9 hours for Elizabeth Owen, John Adcock, and Peter Theis, respectively for a total of 16.25 hours.

---

[2]Defendants also allege that the entirety of the time expended on the Plaintiffs' response to Defendants' opposition should be discounted because it dealt mostly with the imposition of costs and waiver of objections to discovery rather than compelling discovery. R. Doc. 49, p. 6. However, these issues were in "direct relation to the motion to compel" and therefore are properly counted. *Stagner*, 2004 U.S. Dist. LEXIS 1936.

### V. *Lodestar* Calculation

Given the foregoing reasonable rates and hours, the Court calculates the following *Lodestar* amount for each firm as:

| Attorney | Reasonable Hourly Rate | Reasonable Hours Expended | *Lodestar* Amount |
|---|---|---|---|
| Elizabeth Owen | $250.00 | 7.50 | $1,875.00 |
| John Adcock | $250.00 | 6.85 | $1712.50 |
| Peter Theis | $275.00 | 1.90 | $522.50 |
| **Total** | | **16.25** | **$4,110.00** |

The total *Lodestar* amount then is $4,110.00.

### VI. Adjusting the *Lodestar*

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing Walker v. U.S. Department of Housing and Urban Development, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision*, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

## VII.     Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion to Fix Attorneys' Fees (R. Doc. 46)** is **GRANTED**. Attorney's fees are fixed in the amount of **$4,110.00.**

**IT IS FURTHER ORDERED** that the Defendants shall satisfy their obligation to Plaintiffs no later than **twenty-one (21) days** from the issuance of this Order.

New Orleans, Louisiana, this 2nd day of September 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**