UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RACHEL HOBSON, ET AL**                                    **CIVIL ACTION**

**VERSUS**                                                  **NO:  15-1480**

**ABE DEVELOPMENT LLC, ET AL**                              **SECTION: "B" (4)**

**ORDER AND REASONS**

Before the Court is a second **Motion to Fix Attorney Fees (R. Doc. 68)** filed by Plaintiffs Rachel Hobson and Robert Walker seeking an order from the Court to fix the attorneys' fees and costs in the amount of $10,050.00. The motion is opposed. R. Doc. 81. The motion was submitted on September 28, 2016.

**I.     Background**

The instant motion for attorneys' fees comes in connection with a suit involving alleged housing discrimination. Plaintiffs claim that ABE Development and its employees Yousef Haimour and Abraham Quraan (collectively, "Defendants") discriminated against them. Hobson, who is a white female, and Walker, who is an African-American male, claim that the discrimination stemmed from Defendants not approving of their interracial relationship.

On June 27, 2016, the Plaintiffs filed a Motion to Compel Discovery Responses from Defendants. R. Doc.16. As part of that motion to compel, Plaintiffs also sought attorneys' fees and costs related to the motion. *Id.* After hearing arguments on the motion to compel, the Court denied the motion in part and granted the motion in part. R. Doc. 50, p. 9-10. Moreover, under Federal Rule of Civil Procedure 37, the Court granted the motion in part as to Plaintiffs' request for attorneys' fees and costs. *Id.* On September 1, 2016, the Plaintiffs filed the instant motion to fix attorneys' fees. Providing an accounting of hours expended as well as affidavits attesting to the reasonableness of the rates charged, the Plaintiffs requested that the Court award reasonable

attorneys' fees and expenses in the amount of $10,050.00.  R. Doc. 68-1.  The Defendants opposed the motion, arguing that a number of hours were either duplicative or not connected to the instant motion to compel. R. Doc. 81.

## II.     Standard of Review

The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Lodestar is computed by "… the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar calculation, "...provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson*. *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).[1] Subsequently, if the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the lodestar. *Id.*  However, the lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended", and demonstrating the use of billing judgement. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997)).

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

### III. Reasonable Hourly Rate

The "appropriate hourly rate. . .is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir.2012)). Moreover, the rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'" *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. Finally, if the hourly rate is not opposed, then it is *prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990) (quoting *Islamic Ctr. of Mississippi v. City of Starkville*, 876 F.2d 468, 469 (5th Cir. 1989)).

The Plaintiffs have stated that the hourly rates for their attorneys are: $250 for Elizabeth Owen; $250 for John Adcock; and $275 for Peter Theis. R. Doc. 68-1, p. 2. These rates are reasonable given that each of the attorneys have roughly ten years of experience. *See, e.g., EnVen Energy Ventures, LLC v. Black Elk Energy Offshore Operations, LLC*, No. 14-424, 2015 WL 3505099, at *2 (E.D. La. June 2, 2015) (awarding $300 for an attorney with 10 years of experience and $275 for an attorney with 7 years of experience as well as collecting cases showing hourly rates of $275 for seven years of experience). As such, the Court finds that the hourly rates of $250 for Elizabeth Owen and John Adcock and $275 for Peter Theis are reasonable.

**IV.     Hours Reasonably Spent on Litigation**

Next, the court must determine the reasonableness of the hours expended on the litigation. The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures that compensation is sought. *Hensley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary…" *Id.* at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Id*. The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement". *Id*. The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.2d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir.1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'"). The Court may also conduct a line-by-line review of the billing statement to determine reasonableness. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir. 2002), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

When the motion for attorneys' fees is in connection to a Rule 37(a) motion to compel, the reasonable hours are further limited to only those hours directly connected to the motion to compel. *Stagner v. W. Kentucky Navigation, Inc.*, No. 02-1418, 2004 U.S. Dist. LEXIS 1936 (E.D. La. Feb. 10, 2004) ("However, Rule 37(a) does not contemplate costs incurred by the party in the normal course of litigation, absent a direct relation to the motion to compel.").

Here, the Plaintiffs have provided billing statements showing that: Elizabeth Owen worked 21.3 hours but only billed 18.3 hours; John Adcock worked for 11.0 hours but only billed 6.5

4

hours; and Peter Theis worked for 23.9 hours but only billed 14.0 hours. R. Doc. 68-4, p. 6; R. Doc. 68-5, p. 7; R. Doc. 68-6, p. 6.

Defendant argues that a number of hours are excessive for the instant motion. R. Doc. 81, p. 9-11. After reviewing the billing statements for each attorney, the Court finds that the Plaintiffs' attorneys have billed roughly a total of 15.3 hours on the motion to compel,[2] 16.7 hours on the reply,[3] 5.2 hours preparing for the hearing,[4] and 1.3 hours for the hearing.

Here, the Court agrees that the number of hours expended are excessive and likely duplicative or redundant. After again reviewing the motion to compel and the response memorandum, the Court notes that issues involved in the motion to compel and the reply memorandum were not substantially difficult nor novel issues. As such, the Court finds that a total of 5.2 hours spent preparing for the hearing on top of the time spent drafting the motion and the memorandums in support to be excessive. The Court will reduce the total time to two hours (2) total spent preparing for the argument (a 3.2 hour reduction for a total of 1.5 hours for Elizabeth Owen and no reductions for a total of .5 hours for John Adcock). Additionally, the Court finds that John Adcock improvidently billed for time spent traveling to the argument when Ms. Owen was the only attorney to actually present the argument. As such, the Court will further reduce Mr. Adcock's hours by .3 hours. R. Doc. 68-5, p. 7. *Walker v. United States Dep't of Hous. and Urban Dev.*, 99 F.3d 761, 768 (5th Cir. 1996) (quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir.1974)) ("The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted.").

---

[2] 9.6 hours by Elizabeth Owen; 1.8 hours by John Adcock; and 3.9 hours by Peter Theis

[3] 2.7 hours by Elizabeth Owen; 3.9 hours by John Adcock; and 10.1 hours by Peter Theis

[4] 4.7 hours by Elizabeth Owen; .5 Hours by John Adcock

Next, the hearing before the Court only lasted roughly 37 minutes. R. Doc. 36. As such, the Court will further reduce the time billed by Elizabeth Owen for the hearing from 1.3 hours to .6 hours.

Additionally, while the Plaintiffs are allowed to utilize as many attorneys as they wish to handle matters in litigation, the Plaintiffs are not necessarily entitled to costs of paying for each attorney when such work may be duplicative, redundant, or excessive. *See Jolie Design & Décor, Inc. v. Gogh*, 2016 WL 4708210 (E.D. La. Aug. 11, 2016) (citing *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996)) ("[W]hile a party is free to employ multiple attorneys, that party's opponent is not required to pay for duplicative work by those attorneys – it remains the burden of the party seeking fees to demonstrate the reasonableness of all the fees it seeks."); *See also, Walker*, 99 F.3d at 768) (quoting *Johnson*, 488 F.2d at 717) (""If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized."). Here, the statements provided to the Court demonstrate that multiple attorneys spent multiple hours on the motion to compel as well as the reply to Defendants' opposition. "While the defendants are free to utilize the services of however many attorneys they desire, and recognizing that some degree of multiple attorney involvement is prudent to provide 'back up' if primary counsel becomes indisposed and that a certain amount of oversight over the associate's work activities is necessary, the Court questions whether such a combined effort was required" given that the issue presented was not especially novel or complex. *Marsala v. Mayo*, No. 06-3846, 2014 WL 1276187, at *3 (E.D. La. Mar. 27, 2014) (Feldman, J.). As such, the Court will further reduce each attorney's hours by an additional forty (40) percent. *See id.* (reducing hours by one-third where multiple attorneys involved); *Flour Corp. v. Citadel Equity Fund Ltd.*, 2011 WL 3820704, at *6 (N.D. Tex. Aug. 26, 2011) (reducing hours by 60% in part for use of multiple attorneys).

As such, the Court finds that the reasonable hours expended by the Plaintiffs' attorneys are: 8.64 hours,[5] 3.72 hours,[6] and 8.40[7] hours for Elizabeth Owen, John Adcock, and Peter Theis, respectively for a total of 20.76 hours.

## V. *Lodestar* Calculation

Given the foregoing reasonable rates and hours, the Court calculates the following *Lodestar* amount for each firm as:

| Attorney | Reasonable Hourly Rate | Reasonable Hours Expended | *Lodestar* Amount |
|---|---:|---:|---:|
| Elizabeth Owen | $250.00 | 8.64 | $2,160.00 |
| John Adcock | $250.00 | 3.72 | $930.00 |
| Peter Theis | $275.00 | 8.40 | $2,310.00 |
| **Total** |  | **20.76** | **$5,400.00** |

The total *Lodestar* amount then is **$5,400.00**.

## VI. Adjusting the *Lodestar*

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing Walker v. U.S.

---

[5] Total of 18.30 hours was reduced by 3.20 hours (time reduced in oral argument preparation) and by .70 hours (time spent in oral argument) for a total of 14.40 hours. Those 14.40 hours were further reduced by forty percent for a total of 8.64 hours.

[6] Total of 6.50 hours was reduced by .30 hours (time spent traveling) for a total of 6.20 hours. Those 6.20 hours were further reduced by forty percent for a total of 3.72 hours.

[7] Total of 14.00 hours was reduced by forty percent for a total of 8.40 hours.

Department of Housing and Urban Development, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision*, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

### VII.  Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion to Fix Attorneys' Fees (R. Doc. 68)** is **GRANTED**. Attorney's fees are fixed in the amount of **$5,400.00.**

**IT IS FURTHER ORDERED** that the Defendants shall satisfy their obligation to Plaintiffs no later than **twenty-one (21) days** from the issuance of this Order.

New Orleans, Louisiana, this 30th day of September 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**